Frisbie *v.* Bateman.

## FRISBIE *vs.* BATEMAN and others.

In an ordinary foreclosure suit, the mere inadequacy in value of the mortgaged premises and insolvency of the mortgagor, are not a sufficient foundation for the appointment of a receiver.

On motion for receiver.

*Mr. Emery,* for the motion.

*Mr. J. Wilson,* contra.

THE CHANCELLOR.

Application is made for the appointment of a receiver in respect of a certain crop of grass upon mortgaged premises, a farm in Mercer county. The facts are, that the mortgagor being in possession of the premises, made an assignment according to law for the benefit of his creditors, under which the assignees sold at public auction his interest therein. It was bought by William Davis, by whom the benefit of his bid and purchase was voluntarily given to the wife of the

mortgagor, and she took a deed from the assignees accordingly. It appears that the purchase by Davis was not in any way by or in pursuance of any agreement or understanding with the mortgagor or his wife, or with their knowledge.

The present application is on behalf of the holder of the first mortgage on the premises, which is past due, and on which interest is unpaid.

On the ground that the purchaser, at the assignees' sale, is subject to all the equities to which the mortgagor would have been subject had the assignment not been made, this motion must be denied. The facts do not bring the case within the reason for the exceptional action of the court in *Cortelyeu* v. *Hathaway*, 3 *Stockt.* 39. This case stands on precisely the same ground it would have stood on had there been no assignment, and the application were made against the mortgagor under those circumstances. On the authority of the case just cited, the application would have been unsuccessful. But it is insisted, that the act of the mortgagor in making the assignment was of itself an act of bad faith, and brings this case within the ruling in Cortelyeu v. Hathaway. I do not think so. The assignment, for aught that appears to the contrary, was made for the legitimate purpose of yielding up the mortgagor's property for the benefit of his creditors. The sale was incident to it. The peculiar circumstances which governed the action of the court and induced its interference in Cortelyeu v. Hathaway, were, the insolvency of the mortgagor, inadequacy of the security, the sale of the mortgaged premises to an insolvent purchaser, who had agreed, as part of the consideration, to reduce the mortgage debt one-fourth, and was put into possession under such agreement, and then refused, and offered to sell the property for the amount of the encumbrances and deliver possession after she had reaped the crops.

In that case the Chancellor expressly approves of *Best* v. *Schermier*, 2 *Halst. Ch.* 154. He says: "It has not been the practice in this court to appoint a receiver in a mortgage

case, simply on the ground of inadequacy of the mortgaged premises to pay the debt, and the mortgagor being insolvent. This court has gone upon the ground, that where a man takes a mortgage security for his debt and permits the mortgagor to remain in possession, if there is default in the payment, the mortgagee must appropriate the property in the usual way to the payment of the debt. If he is a first mortgagee and wishes possession, he must take his legal remedy by ejectment. If he is a second mortgagee, he takes his security with the disadvantages of a second encumbrancer. The application for receivers in mortgage cases has been very unusual in this court. There is no reported case. There was an application to Chancellor Pennington, and it was successful; but the circumstances of the case I have not been able to ascertain. Subsequently, Chancellor Halsted, in the case of Best v. Schermicr, refused a like application on behalf of a mortgagee, on the ground that such had not been the practice of this court. Upon these authorities, and in accordance with the practice of this court, I am unwilling to adopt the rule, that in an ordinary case the mere inadequacy in value of the mortgaged premises and insolvency of the mortgagor, are a sufficient foundation for the appointment of a receiver. A mortgagee takes his security with full knowledge of its value, and if he takes an inadequate security it is his own fault."

Unless I depart from the practice of the court in such cases, I must deny this motion.

The application is refused, but without costs.